### 9403.  DANIEL, administrator, *v.* JOHNSON *et al.*

The question as to the title to the property levied upon was one of fact for the jury, who returned a verdict in favor of the claimant. The verdict was authorized by the evidence and approved by the trial judge, and this court will not interfere.
DECIDED MAY 16, 1918.

Claim; from city court of LaGrange—Judge Moon. November 3, 1917.

*M. U. Mooty,* for plaintiff. *E. A. Jones,* contra.

HARWELL, J. An execution in favor of W. K. Daniel, administrator, against G. W. Tatum, was levied on "40 acres in cotton,

. . .15 acres in corn," two mules, a wagon, and other personal property, as the property of the defendant, and a claim to the property was filed by C. W. Johnson. On the trial of the case the claimant testified, that he "owned the land and stock and everything used on the farm, and furnished the rations and all the supplies used on the farm" in making the corn and cotton levied on, and Elijah and Clarence Tatum worked the farm for him under a verbal contract that it all belonged to him until payment of all that they owed him; that the defendant G. W. Tatum had nothing to do with it; that the claimant bought and owned the two mules and the wagon levied on, and that they were in the possession of Clarence and Elijah Tatum, and belonged to the claimant at the time of the levy. He further testified: "I bought the land G. W. Tatum lives on from him; that is, he bought the land and couldn't pay for it and I took up the papers on it. I got the deed from George Tatum, and he got it from Mrs. Dora Hudson, and I paid the money off to her. She deeded it to G. W. Tatum and he deeded it to me to secure the purchase-money. I gave him a bond for title." The bond for title was introduced in evidence, and showed a transfer from G. W. Tatum to C. W. Johnson, reciting: "I hereby transfer, assign, and relinquish all of my rights and interest in said lands for which this bond is given." Johnson further testified: "I changed my account in 1915 from George Tatum to his children [Clarence and Elijah], because his boys were dissatisfied with the way their father was managing and working the farm, and they thought they could make more stuff to manage it than he could; and I told them it would be perfectly all right, that all they had to do was to carry out their daddy's contract." The levy, being on corn and cotton in the field, and being dated October 6, 1916, was evidently on the 1916 crop. The plaintiff offered no evidence, and no other witness than the claimant testified in the case. The bond for title, with the transfer thereon, was the only documentary evidence introduced. The jury returned a verdict finding the property not subject. A motion for a new trial, based on the usual general grounds, was overruled, and the plaintiff excepted.

It is not necessary to add anything further to what is stated in the headnote.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur*